IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JON BREWER, NATHAN COHEN,
QUENTIN DOYLE, TIMOTHY TARANTINO,
KRISTEN TAYLOR LOONEY, BRADLEY
WHITWORTH, LUCAS WILSON, DESMOND
LOONEY, MICHAEL THOMPSON, JACOB
MOORE, SHANE HINTON, JARED HINTON,
KELVIN TIGNER, JOHN WILSON, STUART
SPAHN, CHRISTIAN LAGARDE, and SHAWN
SELL on behalf of themselves and others
similarly situated,

    Plaintiffs,

vs.

BP p.l.c., BP AMERICA PRODUCTION
COMPANY, BP EXPLORATION &
PRODUCTION INC., TRG THE RESPONSE
GROUP, L.L.C., and ROY BARRETT,

    Defendants.
_____/

Case No. 2:11-cv-00401

Magistrate Judge
Joseph C. Wilkinson, Jr.

## JOINT MOTION FOR APPROVAL OF A COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

    Plaintiffs Jon Brewer, Nathan Cohen, Quentin Doyle, Timothy Tarantino, Kristen Taylor Looney, Bradley Whitworth, Lucas Wilson, Desmond Looney, Michael Thompson, Jacob Moore, Shane Hinton, Jared Hinton, Kelvin Tigner, John Wilson, Stuart Spahn, Christian Lagarde, and Shawn Sell, on behalf of themselves and others similarly situated, and Defendants BP p.l.c., BP America Production Company, BP Exploration & Production Inc., TRG The Response Group, L.L.C., and Roy Barrett (collectively, the "Parties"), jointly move the Court for approval of the Parties' Confidential Stipulation of Settlement ("Stipulation"), which is

concurrently being submitted for *in camera* review, and for dismissal with prejudice of the above-captioned collective action (the "Litigation"), and would show as follows:

## BACKGROUND

### I.   The Litigation.

On or about February 17, 2011, Jon Brewer ("Brewer"), Nathan Cohen ("Cohen"), and Quentin Doyle ("Doyle") (together, the "Representative Plaintiffs") brought the Litigation on behalf of themselves and others similarly situated in the United States District Court for the Eastern District of Louisiana, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA").  They alleged in their original complaint ("Original Complaint") that defendants B.P. p.l.c., BP America Inc.,[1] TRG The Response Group, L.L.C. ("TRG"), and Roy Barrett ("Barrett") jointly employed them, but failed to comply with the premium overtime wage requirements of the FLSA.  The Representative Plaintiffs sought to represent all oil spill support workers who worked for Defendants tracking resources on the Deepwater Horizon oil spill response, and were classified as independent contractors.

On May 12, 2011, a collective action was conditionally certified.  Notice to the conditionally-certified class was approved by the Court.  The Court ordered that consent notices be filed by all persons seeking to be included in the conditionally-certified class within sixty (60) days of the notice.  Consent notices were filed by a total of 221 individuals; however, six opt-in plaintiffs withdrew prior to mediation, leaving 215 total collective action participants ("Class Members").

In the Original Complaint, Representative Plaintiffs Brewer and Cohen also alleged that TRG and Barrett had retaliated against them for engaging in activity protected by the FLSA.  On

---

[1] The Original Complaint listed BP America, Inc., as a defendant, but subsequent amendment replaced this party with BP America Production Company and also added BP Exploration & Production Inc.

2

or about December 6, 2011, the Second Amended Complaint ("Second Amended Complaint") was filed claiming that TRG and Barrett had also retaliated against Quentin Doyle, Timothy Tarantino, Kristen Taylor Looney, Bradley Whitworth, Lucas Wilson, Desmond Looney, Kelvin Tigner, Michael Thompson, Jacob Moore, Jared Hinton, Shane Hinton, Stuart Spahn, John Wilson, Shawn Sell, and Christian Lagarde (together with Brewer and Cohen, the "Retaliation Plaintiffs").  In the Second Amended Complaint, the Representative Plaintiffs also brought a collective retaliation claim on behalf of all Class Members against TRG and Barrett for "blacklisting."

On behalf of themselves and all others similarly situated, the Representative Plaintiffs sought relief including, but not limited to, the payment of their unpaid overtime wages.  The Retaliation Plaintiffs also sought damages including back pay and front pay.  Additionally, the Representative Plaintiffs and the Retaliation Plaintiffs sought liquidated damages (or prejudgment interest in lieu thereof) and all reasonable attorneys' fees and costs incurred in the prosecution of the Litigation.

## II. Claims of the Representative Plaintiffs and Retaliation Plaintiffs and Benefits of Settlement.

The Representative Plaintiffs, the Retaliation Plaintiffs and their counsel ("Plaintiffs' Counsel") believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports their claims.  More specifically, they believe that the Class Members were misclassified as independent contractors and were thus employees to whom the FLSA applied, , that Defendants failed to pay Class Members overtime for hours worked in excess of forty per workweek, and that the Retaliation Plaintiffs were retaliated against by Barrett and TRG for engaging in activity protected under the FLSA.  However, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the

Litigation through trial and through appeals. The Representative Plaintiffs, the Retaliation Plaintiffs and Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation. The Representative Plaintiffs, the Retaliation Plaintiffs and Plaintiffs' Counsel are mindful of the inherent problems of proof in establishing, and possible defenses to, the claims asserted in the Litigation. They are also aware of potential challenges to continued collective action certification. The Representative Plaintiffs, the Retaliation Plaintiffs and Plaintiffs' Counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class Members. Based upon their evaluation, the Representative Plaintiffs, the Retaliation Plaintiffs and Plaintiffs' Counsel have determined that the settlement set forth in the Stipulation of Settlement of a Collective Action (the "Stipulation") is in the best interests of the Representative Plaintiffs, the Retaliation Plaintiffs and the Class Members.

**III.   Defendants' Denial of Wrongdoing or Liability.**

Defendants have denied and continue to deny each and every one of the claims and contentions alleged by the Representative Plaintiffs and the Retaliation Plaintiffs in the Litigation. Specifically, Defendants maintain that they did not employ the Class Members during the relevant time period and thus were not required to compensate the Class Members in accordance with the FLSA, and that they reasonably and in good faith treated the Class Members as independent contractors based upon advice of counsel. Defendants further contend that in February 2011, the Class Members were paid the accurately-calculated premium pay (based upon reported hours) to which they would have been entitled had they been employees.

Barrett and TRG further deny that any demobilization, pay, hiring, or other decision involving any Class Member was affected by retaliatory animus and assert that certain decisions were made prior to Class Members' engagement in protected activity.

4

The BP Defendants further deny that they jointly employed any Class Members with TRG or Barrett.

Defendants have expressly denied and continue to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.  Defendants also have denied and continue to deny, *inter alia,* the allegations that the Representative Plaintiffs, Retaliation Plaintiffs, or any Class Members have suffered damages or were otherwise harmed by the conduct alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, particularly in light of the work practices and procedures at the many different locals at which the Plaintiffs worked, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation. Defendants have therefore determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation being submitted for approval.

## IV.    The Neutral Evaluation And Mediation.

After significant discussions of the issues in dispute, the Parties agreed to first engage in document discovery in an effort to facilitate a productive mediation and early resolution of the case.  The process of document discovery involved TRG producing more than 53,000 pages of documents and Plaintiffs producing over 8,000 pages of documents.  TRG's production included time sheets and pay records for the Class Members, which enabled the Parties to accurately prepare certain potential damage models.

The Parties selected Hunter Hughes ("Hughes") of Rogers & Hardin to serve as the mediator in this case.  Hughes is a seasoned employment lawyer who has mediated a number of

5

large and complex wage and hour matters. Once the discovery process was completed, the Parties submitted their positions to Hughes on issues that were highly contentious, the resolution of which the Parties believed would help facilitate early resolution of the case. Hughes provided his opinions on these issues to facilitate the mediation process. Counsel for all Parties then attended an all-day mediation at Hughes's office in Atlanta, Georgia, at which damages models and further legal authority was exchanged and discussed. During this mediation the Parties ultimately reached an agreement on all issues that, if approved by this Court, will resolve the Litigation in its entirety.

## V.     The Proposed Settlement.

The Parties propose to concurrently submit their Stipulation of Settlement ("Stipulation") to the Court for *in camera* review. The terms of the Stipulation provide for payment to the 215 Class Members in exchange for settlement and full release of all claims for overtime wages (or any associated claims such as claims for liquidated damages); the payment to each Class Member is based upon the number of reported overtime hours worked by each Class Member and the rate at which they were paid. The Stipulation further provides for additional payment to the Representative and Retaliation Plaintiffs in exchange for full releases of any and all claims. Finally, the Stipulation provides for payment to Plaintiffs' Counsel for attorneys' fees, costs and expenses incurred on behalf of the Class Members in this litigation in exchange for settlement and full release of all claims for attorneys' fees. Plaintiffs' Memorandum of Law in support of Court approval of attorneys' fees and costs pursuant to the Parties' Stipulation of Settlement is attached hereto as Exhibit A. Defendants do not oppose Plaintiffs' request for fees and costs in this matter.

**ARGUMENT**

Because the FLSA's provisions are mandatory, employees' claims for back wages or overtime may not be compromised absent either supervision by the Secretary of Labor, *see* 29 U.S.C. § 216(c), or approval by the court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Fifth Circuit has recognized the res judicata effect of a court-approved settlement of FLSA claims, where "a bona fide dispute of both law and fact was involved in the litigation, and [] the proposed settlement agreed upon was fair and equitable to all parties concerned." *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

Here, as set forth above, a number of bona fide disputes exist between the parties, i.e., whether Class Members were properly treated as independent contractors; whether Defendants can prove the good faith affirmative defense to liquidated damages; whether Defendants are entitled to credit or offset for voluntary payments ("Disputed Payments") TRG made to all independent contractors supporting its response to the Deepwater Horizon incident; and whether the Class Members were paid a day rate. Plaintiffs and Defendants disagree on each of these issues.

Furthermore, the amounts recovered under the Stipulation are substantial on both a collective and individual basis. It should be noted that Defendant TRG made the Disputed Payments in February 2011; the Disputed Payments were equal to the overtime that would have been due to each independent contractor had he or she been treated as a non-exempt employee paid on a day-rate basis. The amount each Class Member is due under the terms of the Stipulation is based on the number of hours he or she reported working; it exceeds each Class

Member's Disputed Payment, and in many cases, far exceeds the Class Member's Disputed Payment.

Additionally, all parties are represented by experienced and competent counsel. Plaintiffs' lead counsel is Sam J. Smith of Burr & Smith, LLP.  Mr. Smith is the managing partner of Burr & Smith and has served as lead counsel in numerous large-scale FLSA collective actions.  He has also written and lectured extensively on the subject of large-scale wage and hour litigation.  The Defendants have been advised by lead counsel C. Larry Carbo of Chamberlain, Hrdlicka, White, Williams & Aughtry.  Mr. Carbo is a partner at his firm, specializes in employment law, and has represented employers in numerous investigations and contests brought under the FLSA, including collective actions in federal court.  TRG and Barrett are also advised by Douglas E. Hamel of Vinson & Elkins LLP.  Mr. Hamel has practiced employment law for over 30 years and has represented employers in many FLSA disputes.

Finally, the settlement has been agreed to by the Parties after informed, arms-length negotiations with the assistance of an experienced mediator.

Therefore, the parties' settlement is informed, and will fairly resolve all the Class Members' claims in the Litigation.  This settlement represents a fair and reasonable compromise of these claims, and the Parties move the Court to approve the settlement in accordance with the terms of the Stipulation and to dismiss the Litigation with prejudice, retaining only jurisdiction to enforce the terms of the Stipulation.

## CONCLUSION

The proposed settlement agreed to by the parties is a fair and equitable compromise of a bona fide dispute, and the Parties therefore request that the Court approve the settlement at this

time and dismiss the Litigation with prejudice and retaining jurisdiction to enforce the Stipulation.  A proposed order reflecting same is attached hereto as Exhibit B.

        Respectfully submitted,

        _/s/  C. Larry Carbo_____
        C. Larry Carbo III
        Texas Bar No. 24031916
        Ryan O. Cantrell
        Texas Bar No.: 24055259
        Chamberlain, Hrdlicka, White, Williams
          & Martin, P.C.
        1200 Smith Street, Suite 1400
        Houston, TX  77002
        Phone:  (713) 658-1818
        Fax:  (713) 658-2553

        Douglas E. Hamel
        Texas Bar No. 08818300
        V. Loraine Christ
        Texas Bar No. 24050417
        Vinson & Elkins LLP
        1001 Fannin Street, Suite 2500
        Houston, Texas 77002-6760
        (713) 758-2036
        (713) 615-5388 (Fax)

        **Attorneys for Defendants**

/s/ *Sam J. Smith*
Sam J. Smith
Marguerite M. Longoria
Christine M. Jalbert
Burr & Smith, LLP
442 West Kennedy Blvd., Suite 300
Tampa, FL 33606
(813) 253-2010 ph.
(813) 254-8391 fax

Justin M. Swartz
Molly Brooks
Dana Sussman
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000 ph.
(212) 977-4005 fax

Dawn M. Barrios
Bruce S. Kingsdorf
Zachary L. Wool
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street
New Orleans, LA 70139
(504) 524-3300 ph.
(504) 524-3313 fax

**Attorneys for Plaintiffs**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by filing the same in this Court's CM/ECF system, or by Certified Mail, Return Receipt Requested, on this 25th day of April 2012.

                                              */s/ Sam J. Smith*_____
                                              Sam J. Smith